UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HISTORY ASSOCIATES INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Defendant. | Case No. 1:24-cv-1858-ACR |

**NOTICE OF ANTICIPATED MOTION AND
REQUEST FOR PRE-MOTION CONFERENCE**

The SEC denied Plaintiff History Associates' FOIA requests, submitted more than a year ago, based solely on FOIA Exemption 7(A)—a time-limited exemption that covers only records compiled for a pending law-enforcement proceeding. But after History Associates filed this FOIA suit, the SEC conceded that Exemption 7(A) "may" no longer apply based on unspecified developments. Yet instead of promptly producing responsive documents, the SEC now insists it must start over and re-review the documents for *other* potential reasons to withhold them that it apparently never considered—and it will not even *begin* that repeat review for three years. The SEC's stonewalling leaves History Associates no choice but to press forward challenging the agency's already-final, erroneous denials. As set forth below, History Associates proposes a streamlined way to litigate a subset of the disputed records first to ensure that the proceedings remain manageable. History Associates respectfully requests a pre-motion conference to discuss its proposed motion for partial summary judgment.

### 1.   Background

History Associates' FOIA requests seek to unearth the SEC's as-yet-unarticulated views on how the securities laws apply to digital assets. For years, despite repeated requests from regu-

1

lated parties, the SEC has refused to explain which digital-asset transactions it believes are subject to the securities laws or how firms can comply with existing, inapt securities rules. At the same time, the agency has launched a scorched-earth enforcement campaign against digital-asset firms for their purported failures to comply with the agency's unworkable and unknowable rules. ECF 1, ¶¶ 1-4, 18-44.

Seeking clarity, Coinbase, Inc., the largest digital-asset trading platform in the country, retained History Associates to submit FOIA requests to the SEC. In July 2023, History Associates submitted a request seeking records "concerning Ethereum's shift to a proof-of-stake consensus mechanism," including "investigatory documents." ECF 1, ¶¶ 54-60. In August 2023, it submitted an additional request seeking the investigatory files related to Enigma MPC and Zachary Coburn— each of which had settled digital-asset-related claims with the SEC years earlier. ECF 1, ¶¶ 61-69. The SEC produced just three redacted pages and otherwise denied the requests between August 2023 and October 2023; it affirmed the denials between December 2023 and February 2024. The SEC stated that it had identified other responsive records but was withholding them under Exemption 7(A), which covers "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7).

In June 2024, History Associates sued to challenge the SEC's denials. After filing its answer, the SEC informed History Associates that, in light of unspecified intervening developments, the withheld documents "may" no longer be exempt under Exemption 7(A) and that the agency needs to reprocess the documents to reassess what other FOIA exemptions might apply. The SEC said that, based on its estimates of potentially responsive documents (132,700 documents produced to the SEC by third parties and an unspecified number of other documents), it would not even

begin to re-review History Associates' FOIA requests for three more years (unless History Associates narrowed its requests).

History Associates declined to narrow its requests because they already are targeted at specific matters and files, and because History Associates lacks sufficient information about the undisclosed responsive documents to narrow the requests further in a rational way. In an effort to compromise, however, History Associates proposed a two-track approach to reprocessing the documents. The first track would involve prompt reprocessing of responsive documents generated by the SEC: SEC communications to third parties, and the SEC's responsive internal documents and communications. The second track would reprocess third-party productions (*i.e.*, the approximately 132,700 records noted above) on a more extended timeline, without holding up the reprocessing of records on the first track. The SEC rejected History Associates' proposal.

### 2. Basis Of Plaintiff's Anticipated Motion

Lacking reasonable alternatives, History Associates intends to move for partial summary judgment on the SEC-generated documents. "FOIA cases typically and appropriately are decided on motions for summary judgment." *Media Research Ctr. v. U.S. Dep't of Justice*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011). FOIA requires an agency to disclose responsive records unless it establishes that they "fall within … enumerated statutory exemptions." *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 88 (D.D.C. 2009). "[U]nreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent these abuses." *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988). Here, History Associates challenges the SEC's decision to withhold the SEC-generated documents under Exemption 7(A)—the only exemption the agency ultimately asserted. That exemption applies only if the SEC can "demonstrate that disclosure (1) could reasonably be expected to interfere with (2) enforcement proceedings that are (3) pending or reasonably anticipated." *CREW v. U.S. Dep't*

*of Justice*, 746 F.3d 1082, 1096 (D.C. Cir. 2014).  "The proceeding must remain pending at the time of [the court's] decision, not only at the time of the initial FOIA request." *Id.* at 1097.

The SEC now concedes that Exemption 7(A) "may" be completely inapplicable, and it has not asserted (much less established) that any other FOIA exemptions apply.  The SEC therefore cannot meet its "burden of justifying any withholding." *Defs. of Wildlife*, 623 F. Supp. 2d at 88.  The Court should not give the SEC more time to reprocess the requests.  History Associates filed its FOIA requests more than a year ago.  The SEC identified responsive documents and could have reviewed them for all applicable exemptions before it denied the requests many months ago.  *See CREW v. U.S. Dep't of Just.*, 870 F. Supp. 2d 70, 76 (D.D.C. 2012) (agency asserting Exemption 7(A) along with other exemptions); *CREW*, 746 F.3d at 1098 (Exemption 7(A) requires "a document-by-document review").  Instead, the SEC denied the requests based on a single exemption that "may become outdated when the [law-enforcement] proceeding at issue comes to a close." *CREW*, 746 F.3d at 1097.  Although the SEC now says circumstances have changed, its refusal to take a firm position on the applicability of Exemption 7(A) suggests that the agency is reserving the ability to invoke Exemption 7(A) *once again* after completing its lengthy re-review.

The SEC has indicated it will move for an *Open America* stay.  But such a stay is available only in "exceptional circumstances" and typically when a plaintiff sues *before* an agency responds within FOIA's 20-day statutory deadline.  *See* 5 U.S.C. § 552(a)(6)(C)(i).  No stay is warranted here because the SEC already has denied History Associates' year-old requests.  Any burdens on the SEC can be fully addressed by focusing immediate litigation on the SEC-generated documents on a reasonable briefing schedule while the parties negotiate reprocessing of the remainder.  That the SEC denied the requests apparently without considering other exemptions hardly justifies penalizing History Associates by sending it to the back of the SEC's purported three-year queue.

4

Date:  October 15, 2024            Respectfully submitted,

*/s/ Jonathan C. Bond*
Eugene Scalia (escalia@gibsondunn.com)
Jonathan C. Bond (jbond@gibsondunn.com)
Nick Harper (nharper@gibsondunn.com)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Plaintiff*

5