UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HISTORY ASSOCIATES INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Defendant. | Case No. 1:24-cv-1858-ACR |

**HISTORY ASSOCIATES' OPPOSITION TO THE SEC'S MOTION FOR EXTENSION OF TIME TO COMPLY WITH THE COURT'S NOVEMBER 8 ORDER**

Plaintiff History Associates Incorporated opposes the SEC's request for an extension of time to comply with the Court's order requiring the agency to process a prioritized subset of records by January 7, 2025. As the colloquy at the November 8, 2024, pre-motion conference reflects, the SEC could and should have identified (and fully processed) responsive records *before* it denied History Associates' FOIA requests more than a year ago. The SEC was unable to explain to the Court why it had not already searched for and processed those records—and why instead it issued blanket denials of those requests without reviewing (or apparently even searching for) the documents. Ex. A at 3-4, 10. Despite that failure, and recognizing the reality that the SEC's unfortunate inaction had produced, the Court afforded the agency an additional two months to process (and produce a *Vaughn* index regarding) two initial subsets of high-priority documents. *Id.* at 16. The SEC agreed to that timeline, repeatedly confirming that it was "workable." *Id.* at 16, 18.

Nevertheless, the SEC now seeks more time to complete the task of identifying and processing even the records in the two narrow subsets that the parties agreed the SEC could and should prioritize. It cites no exigency nor any concrete impediment to completing that Court-ordered task. To the extent the volume of documents its tardy searches have uncovered has given the SEC pause,

1

that is fallout from the SEC's original sin of failing to fulfill its FOIA obligations in the first instance. The Court should not bless disregard of the deadlines it has set with the parties' buy-in simply because a defendant federal agency belatedly has buyer's remorse. The 60 days the Court afforded the SEC was already a significant accommodation; the Court should not encourage the SEC to assume further judicial grace by extending its deadline even further.

1. Although this case involves multiple FOIA requests, the SEC's obligations at issue here relate to the request seeking documents about the SEC's views on Ethereum. History Associates filed that request nearly a year and a half ago, in July 2023. ECF 1, ¶¶ 54-60. The SEC denied the request in October 2023 and affirmed its denial almost ten months ago, in February 2024. *Id.* Before doing so, the SEC was required under FOIA to identify responsive records and conduct "a document-by-document review." *CREW v. U.S. Dep't of Justice*, 746 F.3d 1082, 1098 (D.C. Cir. 2014).

But the SEC never did that. Instead, it issued an impermissible "blanket" denial under Exemption 7(A)—a time-limited exemption that covers only records compiled for a pending law-enforcement proceeding. *Tipograph v. U.S. Dep't of Justice*, 83 F. Supp. 3d 234, 241 (D.D.C. 2015). And once History Associates brought this suit, the SEC all but abandoned Exemption 7(A) and requested an additional *three years* even to begin to conduct the FOIA review that it should have done at the outset. ECF 19 at 1; ECF 20 at 3.

2. During the November 8 hearing, this Court rejected the SEC's effort to put this case into FOIA purgatory. The Court refused "to give [the SEC] three years to figure this out." Ex. A at 4; *see also id.* ("that's not happening"). And the Court stated that it was a "little bit at a loss as to why [the SEC] thought that [it] could just do a 7(A) analysis on the first go-around and then … do the actua[l] FOIA review" months after denying the requests. *Id.*; *id.* at 10 ("I'm just confused

as to what we're doing here in November. Nothing, so far as I can tell, has happened other than that you said, 'Oh, 7(A) applies.' Magic wand. We don't have to do anything else.").

Instead, the Court ordered the SEC initially to prioritize the processing of two narrow, yet critically important, categories of Ethereum-related records while the parties negotiate over the remaining records. ECF 21-1. The Court ordered the agency to identify and process those documents within two months—a timeframe the SEC said was "workable." Ex. A at 16, 18.

3.  The SEC now seeks three more weeks to comply with this Court's deadline, ECF 23—a request that is "strongly discouraged" under this Court's standing order. ECF 5 at 7. The SEC has failed to substantiate the need for any additional delay—let alone an additional 21 days. As the agency acknowledged at the November 8 hearing, two months—on top of the year since the initial request—should have been enough time for the SEC to identify and process the documents responsive to the two prioritized subsets of History Associates' Ethereum request. Now, however, the SEC vaguely claims that, although it has been "working diligently," processing the documents "has taken more time than originally expected" because its searches "have returned a high number of hits, which then require review." ECF 23 at 2. Yet the SEC never says when it started searching, how many documents it has found, or how many documents remain to be reviewed. The agency's barebones say-so does not remotely substantiate a genuine need for more time to comply with this Court's order.

The SEC's request is also untimely. The SEC filed its motion forty-one days after this Court told the agency to identify and produce the prioritized records within two months. If the agency had promptly and diligently searched for documents in response to the Court's directive, the SEC could and should have flagged the unexpectedly "high number of hits" long before now. And surely the SEC was aware when it agreed to the two-month timeframe that its review would

extend "over the holidays." ECF 23 at 2. The SEC's proffered excuses simply are not the kind of unforeseeable circumstances that might justify a late-breaking extension request.

The SEC's request also must be considered in light of its conduct throughout this FOIA proceeding. The agency has sought delay at every turn—first by failing to conduct a complete FOIA review in response to the FOIA requests; then by insisting that the review it had conducted to justify the FOIA denials was incomplete and seeking three additional years even to begin that review; and now, after its inattention has been called out by the Court and after being directed (and agreeing) to complete its review of two limited subsets of documents within a further 60 days, by requesting even more time to comply with that extension just to identify and process those small subsets of documents responsive to History Associates' year-and-a-half-old Ethereum request. The SEC's conduct reflects a fundamental failure to take seriously FOIA and its time requirements. This Court should not permit any further delay.

Date: December 20, 2024

Respectfully submitted,

*/s/ Jonathan C. Bond*
Eugene Scalia (escalia@gibsondunn.com)
Jonathan C. Bond (jbond@gibsondunn.com)
Nick Harper (nharper@gibsondunn.com)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Plaintiff*

4