UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HISTORY ASSOCIATES INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Defendant. | Case No. 1:24-cv-1858-ACR |

**JOINT STATUS REPORT**

Plaintiff, History Associates Incorporated, and Defendant, the U.S. Securities and Exchange Commission, hereby submit this joint status report. On November 8, 2024, this Court ordered the SEC to respond to two prioritized subparts of one of History Associates' three FOIA requests at issue in this case. The SEC released non-exempt records and provided preliminary *Vaughn* Indices to Plaintiff on January 7 and January 28, 2025.

On February 4, 2025, the parties submitted a joint status report in which the parties stated their positions on the adequacy of the SEC's search and production in response to the two prioritized subparts. In that joint status report, the parties also stated that they were negotiating additional document productions and proposed to file another joint status report on that issue on February 11. The parties have been unable to reach agreement on the scope and timing of the additional productions. This joint status report sets forth the parties' positions on those issues. History Associates requests that the Court order the SEC to produce two additional targeted sets of responsive documents within sixty days. The SEC has agreed to conduct searches for the two additional narrowed subparts of Plaintiff's FOIA request but believes it would be most efficient for the SEC

1

to determine the volumes of potentially responsive records before establishing timelines for the processing of those records.

## History Associates' Position

History Associates respectfully submits that this Court should order the SEC to produce two additional targeted sets of responsive documents within sixty days. The SEC's initial (and still-incomplete) production was only a partial response to one of History Associates' FOIA requests: the request relating to Ethereum's shift to proof-of-stake. History Associates stated during the November 8 hearing—and the Court agreed—that requiring the SEC to begin by processing two subsets of records responsive to the Ethereum request was "without prejudice" to its pursuing additional documents responsive to its requests. ECF 24-1 at 15-16. The Court stated that the parties would "start" with the prioritized subparts as "an initial, small subset of things so that [the SEC] can get working on that quickly and [History Associates] can get something quickly to start chewing over," which may provide "a roadmap to ask for more specific documents." *Id.* at 15, 17. "And then," the Court stated, "[History Associates] can decide what more [it] need[s]." *Id.* at 17. While the SEC finishes its overdue production as to those first two subparts, it can and should proceed with other targeted subsets.

As History Associates explained during the November 8 hearing, the "principal issue" History Associates is investigating with respect to its Ethereum request is whether Ethereum's "change from one form of validation to another … has some bearing on its classification as a security or not." ECF 24-1 at 14. The SEC appears to have flip-flopped on Ether's status at least twice—first by approving the ETH 2.0 investigation in April 2023, years after a high-ranking official conceded Ether was *not* a security, and second by abruptly ending the ETH 2.0 investigation in June 2024. ECF 1 at 7-9. But the agency never has publicly explained itself.

2

Based on the documents and *Vaughn* indices the SEC has provided so far, History Associates has identified two additional, discrete categories of responsive documents that may shed light on the SEC's views regarding Ether's status (referred to hereafter as subparts 3 and 4):

- Subpart 3:  All documents and communications sent to or by all former SEC Commissioners, their counsels, the Director of the Division of Enforcement, the Director of the Crypto Asset and Cyber Unit, the Director of the Office of the Strategic Hub for Innovation and Financial Technology, and the Director of the Division of Corporation Finance that discuss or analyze whether Ether (or "ETH" or "Ethereum") is a security or whether transactions in Ether (or "ETH" or "Ethereum") are securities transactions, and that contain the words "proof-of-stake" (or "PoS," "the Merge," or "EIP-3675").

- Subpart 4:  All documents or communications sent to or by all former SEC Commissioners, their counsels, the Director of the Division of Enforcement, and the Director of the Crypto Asset and Cyber Unit related to or concerning the decision to close the ETH 2.0 investigation.

Documents responsive to these additional requests should reveal any recorded legal analysis underlying the SEC's apparent changes of heart about Ether's status.  As before, History Associates does not agree to narrow its FOIA requests, and reserves the right to seek additional records within the scope of all of its requests.  Instead, as with the first two subparts, History Associates proposes these next two subparts so that the SEC can focus on processing high-priority records.

History Associates has attempted to negotiate the scope and timing of these productions with the SEC, but the parties have been unable to reach agreement.  The SEC agrees with the scope of subpart 4, but it asserts that subpart 3 is overly broad.  In the SEC's view, for a record to be responsive, it must "contain SEC staff discussion or analysis about whether Ether is a security or

3

transactions in Ether are securities transactions." *Infra* at 5. The SEC says that it thus "would not deem as responsive, for example, an email or an attachment that notes that there is an issue as to whether Ether is a security or whether transactions in Ether are securities transactions but does not discuss or analyze that issue." *Id.*

The SEC's proposed limitation is artificial and subjective and would perpetuate the problems History Associates identified with the SEC's last production. As History Associates explained in the last joint status report, *see* ECF 26 at 6-8, the SEC's previous self-imposed limitation—which excluded "records that mentioned that the shift [to proof-of-stake] had occurred or would occur but focused on other subjects," ECF 26 at 3—lacked any discernible meaning. It was also untethered to History Associates' FOIA request, which seeks "access to and copies of all records concerning Ethereum's shift to a proof-of-stake consensus mechanism." ECF 1 at 13. The SEC's proposed limitation for subpart 3 suffers the same flaws and would appear to exclude highly relevant documents—for example, an email in which a high-ranking SEC official flags that it is an open question whether Ether is a security. The SEC's concern (*infra* at 6) that subpart 3 seeks "'anything that's been said about [Ethereum's shift to a proof-of-stake mechanism]'" is misplaced. Subpart 3 seeks only documents with targeted keywords that were sent to or from specified high-level SEC officials—far from everything under the sun. The SEC should not be permitted to impose unilateral and artificial limits on History Associates' FOIA requests.

On timing, History Associates seeks to compel the SEC to produce these prioritized subparts within 60 days—the same period the Court initially imposed for the previous subparts (before extending it by three weeks at the SEC's request). The SEC says it may need more than 60 days depending on the volume of documents at issue. But the SEC has already had a week to run the keyword searches necessary to determine the volume of documents but either has not done so or

4

has declined to divulge the volume. Either way, unless and until the SEC substantiates that it actually needs more time to process these additional subparts, the Court should order the agency to produce the records within 60 days. That is more than enough time to conduct just a portion of the FOIA review that the agency should have completed a year and a half ago.

### SEC's Position

On February 5, 2025, History Associates requested that the SEC next process the two above-described narrowed subparts of History Associates' FOIA request. Undersigned counsel conferred with SEC staff concerning the processing of subparts 3 and 4. On February 7, 2025, the SEC informed History Associates that the SEC would conduct additional searches for records responsive to subparts 3 and 4. The SEC proposed that, prior to agreeing on a timeline for processing, the SEC would conduct the searches for records, share the volumes of the results of those searches with Plaintiff, and then determine what timelines make sense for the release of records (for example, if the volumes are large, the SEC could make rolling releases of records or Plaintiff could prioritize certain search terms).

The SEC also proposed responsiveness criteria for narrowed subpart 3; the SEC proposed that it would deem as responsive records that contain SEC staff discussion or analysis about whether Ether is a security or transactions in Ether are securities transactions. The SEC would not deem as responsive, for example, an email or an attachment that notes that there is an issue as to whether Ether is a security or whether transactions in Ether are securities transactions but does not discuss or analyze that issue. Further, the SEC would not deem as responsive emails where discussion about the issue of whether Ether is a security or whether transactions in Ether are securities transactions is located only in an attachment written by someone outside the SEC, and the email

provides no basis to believe the attachment was provided to contribute to a discussion within the SEC on that issue.

History Associates declined the SEC's proposal. Instead, through subpart 3, History Associates appears to seek every record belonging to a large number of current and former SEC staff from January 1, 2018 through the present that contains the search terms "Ethereum" or "ETH" or "Ether" and proof w/3 stake, "PoS", "the Merge", or "EIP-3675". The SEC will conduct searches for these records and share the volumes with Plaintiff, but it believes that setting a timeline for release now is not workable given the scope of subpart 3. As Judge Reyes noted during the parties' November 8, 2024 appearance, if Plaintiff "want[s] anything that's been said about [Ethereum's shift to a proof-of-stake mechanism], that's fine, but [Plaintiff is] not going to get anything for quite a while." ECF 24-1 at 15:11-14.

The SEC has begun processing narrowed subparts 3 and 4 and will share with Plaintiff the volumes of records returned by the searches. The SEC believes that, once those volumes are determined, the parties can then discuss what timelines make sense for release. The SEC proposes providing the Court with a status update in 30 days, on March 13, 2025.

| | |
|---|---|
| Date: February 11, 2025 | Respectfully submitted, |
| /s/ Jonathan C. Bond | /s/ Alexandra Verdi |
| Eugene Scalia<br>Jonathan C. Bond<br>Nick Harper<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br>escalia@gibsondunn.com<br>jbond@gibsondunn.com<br>nharper@gibsondunn.com<br><br>*Attorneys for Plaintiff* | Alexandra Verdi<br>U.S. Securities and Exchange Commission<br>Boston Regional Office<br>33 Arch Street, 24th Floor<br>Boston, Massachusetts 02110<br>Telephone: 202.551.5057<br>verdim@sec.gov<br><br>*Attorney for Defendant* |