## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HISTORY ASSOCIATES INCORPORATED,

                    Plaintiff,

    v.

                                         Case No. 1:24-cv-1858-ACR

U.S. SECURITIES AND EXCHANGE
COMMISSION,

                    Defendant.

## <u>STATUS REPORT</u>

       Plaintiff History Associates Incorporated submits this status report to update the Court on the SEC's continued noncompliance with its search and production obligations.  On November 8, 2024, this Court directed the SEC to process two subparts of one of History Associates' year-and-a-half-old FOIA requests within sixty days.  On January 7 and January 28, 2025, after receiving an extension from the Court, the SEC produced two sets of documents and *Vaughn* indices in response to the two prioritized subparts.  ECF 26, Exs. A-E.

       On February 4, the parties filed a joint status report in which they disputed the adequacy of the SEC's search and production.  ECF 26.  History Associates explained two significant problems with the SEC's production.  First, the SEC's search for responsive documents was inadequate.  *Id.* at 4-6.  The SEC limited its search to emails (omitting other relevant databases) and used arbitrary and incomplete keyword searches (despite having used similar words in its own subpoenas).  *Id.*  Second, and even more troublingly, the SEC's production of documents was incomplete because the agency unilaterally narrowed the scope of documents it deemed responsive.  *Id.* at 6-8.  The SEC improperly produced only "records that more substantively discussed Ethereum's shift to a proof-of-stake mechanism"; the agency unilaterally "deemed as not responsive" and withheld

"records that mentioned that the shift had occurred or would occur but focused on other subjects." *Id.* History Associates asked the Court to order the SEC to complete its search and production in response to the two prioritized subparts no later than within 14 days. *Id.* at 1, 8. For its part, the SEC stated that it was "willing to conduct additional searches and to apply broader responsive criteria," but requested an additional 60 days to complete the searches and production. *Id.* at 10.*

In the more than two weeks since that joint status report, however, the SEC has barely begun the search and production it had told the Court on February 4 it was "willing to conduct" within 60 days. ECF 26 at 9-10. On February 12, History Associates asked the SEC to provide the volumes of responsive documents using the expanded search terms—information that should have been readily available to the agency if it had taken the first step of running keyword searches. But the agency responded on February 13 by instead *proposing* keyword searches—something it should have done already if there were any real doubt about the scope of the searches. History Associates responded the same day that the agency already should have conducted those searches and asked the agency to share the volumes of records and its production timelines promptly and no later than February 18. History Associates reiterated its requests on February 19, and the agency responded that it was working on the requests but provided no timeline for its response. Only today, and only after History Associates indicated that it intended to raise these issues imminently with the Court, did the SEC provide any concrete information. And even now, all the SEC could offer is a partial estimated hit count—a number that it said did not include document family members or reflect de-duplication of records. The SEC still has proposed no timeline for its production.

---

* The parties submitted a joint status report on February 11 addressing the SEC's responses to the third and fourth prioritized subparts of History Associates' FOIA request. ECF 27. The Court subsequently issued a minute order requiring the SEC to produce documents responsive to those subparts within 60 days. That order did not address the separate issues raised in the parties' February 4 status report discussed here.

Through its continued foot dragging, the SEC has made clear that it will not take prompt action in response to History Associates' FOIA requests unless required to do so by a court order. History Associates therefore respectfully reiterates its request that the Court order the SEC to complete its production in response to the first two prioritized subparts no later than within 14 days.

Date: February 21, 2025

Respectfully submitted,

*/s/ Jonathan C. Bond*
Eugene Scalia
Jonathan C. Bond
Nick Harper
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539
escalia@gibsondunn.com
jbond@gibsondunn.com
nharper@gibsondunn.com

*Attorneys for Plaintiff*