**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| HISTORY ASSOCIATES INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Defendant. | Case No. 1:24-cv-1858-ACR |

**JOINT STATUS REPORT**

Plaintiff History Associates and Defendant the U.S. Securities and Exchange Commission hereby submit this joint status report.  As explained in more detail below, the parties have conferred and believe that a stipulated dismissal of this action under Rule 41(a)(1)(A)(ii) is warranted based on additional documents and information the SEC has agreed to provide and the SEC's agreement to pay $150,000 in attorneys' fees to History Associates.

**BACKGROUND**

In 2023, at the direction of Coinbase, Inc., History Associates submitted three Freedom of Information Act ("FOIA") requests to the SEC seeking documents related to the SEC's investigations of Zachary Coburn and Enigma MPC and to Ethereum's shift to a proof-of-stake consensus mechanism.  Aside from releasing three pages of redacted records responsive to the Enigma MPC request, the SEC denied each of the requests and informed History Associates that it was withholding responsive records under FOIA Exemption 7(A).

In June 2024, History Associates filed suit against the SEC challenging the agency's responses to the FOIA requests.  ECF 1.  After the complaint was filed, the SEC informed History Associates and the Court that, "given developments since the SEC responded to the FOIA requests,

1

Exemption 7(A) no longer applies to all of the responsive records." ECF 20 at 1. The SEC further stated that "if Plaintiff will not narrow its requests, the Court should 'allow the [SEC] additional time to complete its review of the records' via an *Open America* stay of proceedings." *Id.* at 4 (quoting 5 U.S.C. § 552(a)(6)(C)(i)).

During a November 2024 pre-motion conference, this Court directed the SEC to prioritize the processing and production of: (1) all documents and communications that SEC Chair Gary Gensler sent, received, or considered concerning Ethereum's shift to a proof-of-stake mechanism, and (2) all documents and communications sent by the SEC to third parties regarding Ethereum's shift to a proof-of-stake mechanism. *See* ECF 24-1 at 14-16. The Court subsequently ordered the SEC to prioritize the processing and production of additional categories of records responsive to subparts of History Associates' Ethereum FOIA request. *See* Feb. 11, 2025, Minute Order; Mar. 28, 2025, Minute Order. Pursuant to the Court's orders, the SEC released thousands of pages of documents and produced *Vaughn* indices describing additional documents the agency was withholding in full under FOIA as well as information withheld from records released in part. *See, e.g.*, ECF 25 at 1-2, 26 at 8-9, 31 at 2, 34 at 2, 37 at 4.

In September 2025, the SEC's Office of Inspector General released a report titled *Special Review: Avoidable Errors Led to the Loss of Former SEC Chair Gary Gensler's Text Messages*, https://www.sec.gov/files/sec-oig-review-587-2025.pdf ("OIG Report"). The OIG Report disclosed an "inadvertent loss of text messages sent and received by [Chair] Gensler between October 18, 2022 and September 6, 2023." OIG Report at i. The Report also disclosed that, as of September 2024, the SEC's Office of Information Technology "was still in the process of obtaining and backing up text messages from about 50 [SEC] Capstone officials." *Id.* at 7. History Associates immediately brought the OIG Report to the SEC's attention and later sought relief from

2

the Court based on History Associates' concerns that the report showed that the agency had violated FOIA and this Court's orders and that additional responsive documents may exist. ECF 37.  In response to History Associates' concerns, the SEC provided information to the Court and History Associates that, in the SEC's view, showed that it had complied with its obligations under FOIA by, among other things, searching text messages in connection with its prior productions in this case.  ECF 38 at 5-6.

During a December 2025 hearing addressing the OIG Report, the Court ordered the SEC to provide a "full report … about what actions have been taken" in connection with the OIG report, including actions taken to "ensure that additional phones are not being wiped."  Dec. 4, 2025 Hearing Tr. 11-12.  The SEC filed three status reports in response to the Court's instructions in December 2025 and January 2026.  ECF 43, 44, 45.  In those reports, the SEC stated, among other things, that in July 2025 the agency had reported to NARA that it had wiped 21 phones issued to SEC Capstone officials that were inaccessible but "may have contained texts that should have been retained under the SEC's records management procedures."  ECF 44 at 3-5.  The SEC explained that five of the custodians that History Associates had identified in this case had inaccessible devices that were reported to NARA.  ECF 45 at 1.  The SEC further stated that for nine SEC officials implicated by History Associates' FOIA requests, the agency "did not back up or retain their mobile devices" as part of the Capstone records-retention approach because those nine staff members either left the SEC before the November 8, 2022 change in policy and/or they held Capstone positions only prior to that change in policy.  ECF 44 at 8.  The SEC also described the text message searches that it had already conducted and would conduct.  *Id.* at 7-8.  In addition, the SEC said that it was still in the process of "conducting a review of its inventory of backups of devices used by Capstone officials and anticipates concluding its review by January 31, 2026."  *Id.*

3

at 2.  The SEC has since informed History Associates that it is conducting a review of its records concerning the backed-up devices of SEC Capstone officials.

### TERMS OF SETTLEMENT

The parties have negotiated a resolution to this litigation.  Below is a summary of the terms of and basis for that resolution.

*Record Productions.*  The SEC has agreed to release two documents that it previously had withheld in full.  The SEC will release one of the documents in full; the other document will be redacted extensively.

*Text Messages.*  The SEC is conducting a review of its records concerning the backed-up devices of its Capstone officials.  To the extent the SEC identifies backups belonging to custodians that History Associates has previously identified and that have not yet been searched, the SEC has agreed to search for and produce to History Associates any text messages on those devices that were sent or received by certain custodians, contain certain search terms, and discuss or analyze whether Ether is a security or whether transactions in Ether are securities transactions.  The SEC also has agreed to provide History Associates an update on the status of its review of its records concerning the backed-up devices every 30 days after dismissal of this action until the agency's review of its records concerning backed-up devices is complete.  In addition, the SEC has agreed to provide to History Associates a description of the agency's policy regarding how it will preserve text messages sent or received on SEC-issued devices going forward.

*Attorneys' Fees.*  FOIA provides that a "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(i).  While the SEC does not agree that History Associates has substantially prevailed, as a condition of

4

resolving History Associates' FOIA claims, the SEC has agreed to pay History Associates $150,000 in attorneys' fees.

Based on the documents and information the SEC has agreed to provide, as well as the attorneys' fees the SEC has agreed to pay, History Associates has agreed to voluntarily dismiss its complaint.  Once the SEC provides the two documents it previously withheld, provides a description of its policy regarding the preservation of text messages on SEC-issued devices going forward, and remits payment of attorneys' fees, the parties will file a joint stipulation of dismissal under Rule 41(a)(1)(A)(ii).

Date: July 22, 2026

/s/ Nick Harper
Eugene Scalia
Jonathan C. Bond
Nick Harper
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539
escalia@gibsondunn.com
jbond@gibsondunn.com
nharper@gibsondunn.com

Attorneys for Plaintiff

Respectfully submitted,

/s/ Alexandra Verdi
Alexandra Verdi
U.S. Securities and Exchange Commission
Boston Regional Office
33 Arch Street, 24th Floor
Boston, Massachusetts 02110
Telephone: 202.551.5057
verdim@sec.gov

Attorney for Defendant